**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMIR ELIAS FASHHO, | No. 12-70551 |
| Petitioner, | Agency No. A029-891-384 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 5, 2016[**]
San Francisco, California

Before: WALLACE, KOZINSKI, and O'SCANNLAIN, Circuit Judges.

Samir Elias Fashho challenges a decision of the Board of Immigration

Appeals ("BIA") denying his untimely motion to reopen removal proceedings

based on changed country conditions consisting of the takeover of the Gaza Strip

by Hamas. We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

I

In order to prevail on his motion to reopen, Fashho needed to clear each of four hurdles:

> (1) he had to produce evidence that conditions had changed in [Gaza]; (2) the evidence had to be "material"; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he had to "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."

*Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (citations omitted). "The Board could thus deny the motion to reopen for failing to meet any of these burdens." *Id.* (citations omitted). We review for abuse of discretion the BIA's denial of a motion to reopen and defer "to the Board's exercise of discretion unless it acted arbitrarily, irrationally or contrary to law." *Id.* at 992.

A

First, Fashho points to the emigration of Christians from Gaza as evidence of persecution of Christians. The BIA correctly concluded that the data do not clearly show that Christians are emigrating, that emigration accelerated after Hamas' takeover, or that the Christian population is decreasing because of religious persecution rather than economic, security, and fertility reasons.

Thus, Fashho's new evidence of emigration, to the extent there is any, does not show changed conditions and is not "material."

B

Second, Fashho points to new evidence purportedly showing that Hamas is unable or unwilling to protect Christians in Gaza. A 2010 State Department report noted that "Hamas largely tolerated the small Christian presence in Gaza and did not force them to abide by Islamic law, although Christians were indirectly affected by Hamas' religious ideology. Hamas did not sufficiently investigate or prosecute religiously driven crimes committed by Muslim extremist vigilante groups in Gaza." Additionally, the report states that the Palestinian Authority ("PA") was not able to investigate cases of religious discrimination in Gaza due to Hamas' control.

The BIA concluded that this evidence did not reflect a material change in conditions from 2004. A 2004 State Department report "noted that there was 'deterioration in the status of the PA's respect for religious freedom,' including the seizure of land owned by Christians by criminal gangs, and collusion by PA officials with criminals to extort property from Christians. While cases of physical attacks against Muslims were investigated, such cases involving Christians were not. Although relationships between Christians and Muslims 'generally' were

3

amicable, tensions existed."

Because attacks against Christians were not being investigated in 2004, the BIA correctly concluded that Fashho had failed to demonstrate that Hamas' failure to investigate such crimes in 2010 reflected a material change in circumstances.

## C

Third, Fashho points to the bombing of a YMCA library in Gaza in 2008 as evidence of persecution of Christians. The BIA noted that the library was targeted by unidentified gunmen who stole a computer; that Muslims also used the YMCA; and that Hamas condemned the bombing as an "attack on the historically friendly relations between Christians and Muslims in Palestine."

The BIA found the article of little probative value because the attackers' identities and motives were unknown. It reasonably concluded that such isolated, unsolved crimes do not constitute material evidence of changed conditions in Gaza.

## D

We conclude that the BIA did not act arbitrarily, irrationally, or contrary to law in finding that Fashho's evidence does not constitute new, material evidence

showing changed conditions in Gaza.[1]  Therefore, we hold that the BIA did not abuse its discretion when it denied Fashho's motion to reopen.  *See Toufighi*, 538 F.3d at 992.

## II

Fashho argues that he has a well-founded fear of future persecution and that he stated a prima facie case for withholding of removal and CAT relief.  Because the BIA denied Fashho's motion to reopen based on his independently dispositive failure to submit new, material evidence showing changed conditions, it did not need to determine whether Fashho established a prima facie case for asylum or any other relief.  *See Najmabadi v. Holder*, 597 F.3d 983, 991–92 (9th Cir. 2010).  Our review is limited to the grounds relied upon by the agency, so we decline to address this additional claim.  *See id.* at 992.

**DENIED.**

---

[1] In addition to the evidence specifically discussed above, none of Fashho's other evidence addresses persecution of Christians in Gaza, and none of it constitutes new, material evidence showing changed conditions.

5